UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. KENNEDY, | ) | No. CV 10-01338-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the Magistrate Judge.  The
action arises under 42 U.S.C. §405(g), which authorizes the Court to
enter judgment upon the pleadings and transcript of the record before
the Commissioner.  The parties have filed the Joint Stipulation
("JS"), and the Commissioner has filed the certified Administrative
Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") erred in

1    rejecting the opinion of the non-examining physician; and

2    2.    Whether the ALJ erred in accepting testimony from the

3          vocational expert.

4    (JS at 4.)

5

6    This Memorandum Opinion will constitute the Court's findings of

7    fact and conclusions of law.  After reviewing the matter, the Court

8    concludes that the decision of the Commissioner must be affirmed.

9

10                                 I

11                **THE ALJ DID NOT ERR IN ASSESSING**

12           **PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

13   Plaintiff frames her first issue as "whether the ALJ erred in

14   rejecting the opinion of the non-examining physician." (JS at 4.)

15   Plaintiff is referencing the testimony of the medical examiner

16   ("ME"), Dr. Sparks, who testified at the hearing before the ALJ. (AR

17   23-43.)  Dr. Sparks reviewed the medical evidence, and assessed that

18   Plaintiff has vocal dystonia with weak voice; she has had a Botox

19   vocal cord injection; she has hypertension with fair control; she had

20   asthma, controlled; she has a history of migraine headaches; she has

21   a history of dislocation of the left shoulder; she has a history of

22   back pain, pain in the wrist and fingers and fingers and ankles with

23   no definite diagnosis; she has enlarged fascit in the cervical spine;

24   and she is obese. (JS at 32.)   Dr. Sparks indicated that these

25   conditions, singularly or in combination, did not rise to the level of

26   the Listings.   He assessed that she had the following exertional

27   ability:

28         "She could occasionally lift 20 pounds, frequently 10.

1    Stand and walk six hours, sit for six hours.  Postural

2    limits, no ladders, ropes, scaffolding.  The rest are all

3    occasional.  She should do no over-the-shoulder work with

4    the left arm.  Manipulation, there's no impairment according

5    to the internal medicine examiner.  And environmental she

6    should avoid concentrated exposure to extreme cold, no

7    exposure to unprotected heights or hazardous machinery.

8    Finally she should not work in a noisy environment or where

9    there is a need for a loud voice."

10   (AR 32-33.)

11

12       The ALJ found that Plaintiff has severe impairments of vocal

13   dysphonia with weak voice, hypertension, asthma, history of left

14   shoulder dislocation, history of migraines, obesity, and enlarged

15   facet cervical spine. (AR 17.)  The ALJ summarized the testimony of

16   Dr. Sparks concerning Plaintiff's functional abilities, noting his

17   conclusion that she could do "no work in a noisy environment where it

18   is necessary to speak in a loud voice.  The undersigned concurs and

19   adopts the testimony of the medical expert, ..." (AR at 20.)

20       Plaintiff asserts that the ALJ in fact rejected the opinion of

21   Dr. Sparks, because he eliminated the disjunctive "or" in assessing a

22   residual functional capacity ("RFC") that allows "no work in a noisy

23   environment [or] where a loud voice is required." (AR at 18.)

24   Plaintiff asserts that Dr. Sparks specifically intended his assessment

25   to mean that Plaintiff could not work in a noisy environment or in an

26   environment where it is necessary for her to speak in a loud voice.

27   For the reasons set forth below, the Court concludes that the ALJ

28   reasonably interpreted Dr. Sparks' opinion, and that no error

3

1  therefore occurred.

2      At the request of the Department of Social Services, Plaintiff on
3  May 29, 2008 received an internal medicine consultative evaluation
4  ("CE") from Dr. Raja.   Dr. Raja's report indicates that Plaintiff
5  "will be able to lift or carry 20 pounds occasionally and 10 pounds
6  frequently, stand or walk six hours cumulatively in an eight-hour day
7  and she will be able to do frequent stooping and crouching.  She will
8  be able to use her hands and fingers in repetitive hand-finger
9  actions." (AR 183.)   Dr. Raja did not assess any limitations with
10 regard to Plaintiff's vocal dysphonia.

11     Plaintiff testified that because of her dysphonia, she cannot get
12 past a first job interview. (AR 27.) The ALJ adopted an RFC which
13 "limited [Plaintiff] to less than frequent verbal communication" (AR
14 18) due to her vocal dysphonia, which leaves her with a weak voice.
15 As an adjunct to that limitation, the ALJ found that Plaintiff cannot
16 work in a noisy environment where a loud voice is required. (Id.)  The
17 RFC as determined by the ALJ is clearly intended to address
18 Plaintiff's limitations in the area of vocal communication.  There is
19 nothing in Plaintiff's brief which would support a finding that she
20 has a per se need to be limited to a quiet work environment.
21 Specifically, there is no evidence that Plaintiff has a hearing
22 impairment, that she has any difficulty when she is exposed to loud
23 noises or voices, or that she has any psychological or mental health
24 issues which would preclude her from being around a loud environment
25 or loud noises.  She is precluded from working in an environment where
26 frequent communication or speaking in a loud voice would be necessary.
27     It is the province of the ALJ to interpret evidence, and where
28 that interpretation is reasonable or rational, it must be upheld by

1   the Court.  See Burch v. Barnhart, 400 F.3d 676, 678 (9th Cir. 2005).
2   Based on the nature of Plaintiff's severe impairment of vocal
3   dysphonia, the Court cannot find that the ALJ's interpretation of the
4   ME's testimony as to particular limitations related to this severe
5   impairment are either not rational or not reasonable.  For that
6   reason, the Court finds no error with regard to Plaintiff's first
7   issue.

8

9                                   **II**

10          **THE ALJ DID NOT ERR WITH REGARD TO TESTIMONY**

11                 **FROM THE VOCATIONAL EXPERT**

12       In a related issue, Plaintiff asserts that the ALJ erred in
13   accepting testimony at Step Five of the sequential evaluation process
14   from the vocational expert ("VE").

15       The ALJ posed a hypothetical question to the VE which included
16   the following relevant limitations:

17          "Should not work in a noisy environment or where the
18          need for a loud voice. [sic]  And we'll go ahead and add to
19          that, should be limited to areas where frequent
20          communication, verbal communication is not required, so less
21          than frequent verbal communication."
22   (AR 39.)

23

24       After considering this hypothetical, the VE identified the jobs
25   of inspector, hand packager; small products assembler II; and
26   assembler of plastic hospital parts. (AR 39-40.)
27       Plaintiff's assessment of error inheres in the argument that the
28   identified work involves exposure to prohibited noise levels: "loud"

as to the occupation of inspector; "moderate" as to small products assembler II and assembler of plastic hospital parts.

Plaintiff's argument fails for essentially the same reasons as her first issue.  Again, Plaintiff's impairment involves an inability to sustain loud or frequent speech.  At the hearing, in response to the ALJ's specific questions, the VE testified that none of the identified occupations would require more than occasional verbal communication, and they would not be in noisy environments. (AR 40.) Further, the VE testified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Id.)

While Plaintiff focuses on the level of noise in these work environments, she ignores the fact that the DOT assesses no requirement of talking for any of these occupations.  If it did, Plaintiff's argument that there is a variance between the VE's testimony and the DOT requirements might hold water.

In sum, in this case, Plaintiff has a severe impairment which has relevance to whether her voice could be heard in a particular work setting.  But for the occupations identified, there is no requirement that she use her voice in a frequent or loud manner.

The Court finds no error with regard to Plaintiff's second issue, and consequently, this matter will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: November 23, 2010                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE